IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LOVELAND ESSENTIAL GROUP, LLC ) | Case No. 11-38054 EEB |
| EIN: 20-4451461 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

## MOTION TO APPROVE SETTLEMENT

Loveland Essential Group, LLC ("Debtor") in the above-captioned case, through its undersigned counsel, for its Motion to Approve Settlement (this "Motion") states as follows:

1. On December 1, 2011, the Debtor filed its voluntary petition for relief under Chapter 11 of title 11, U.S.C. (the "Bankruptcy Code"), commencing bankruptcy case number 11-38054 EEB (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Colorado (this "Court").

2. The Debtor remains in possession of its property and manages its business as debtors in possession under §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or unsecured creditor committee has been appointed in the Debtor's case.

3. On August 27, 2012, the Debtor commenced adversary proceeding number 12-1545 EBB (the "Adversary Proceeding") against Grommon Farms, Inc., Gary Grommon, and Connie Grommon (collectively, "Grommon") seeking to avoid a judgment lien under §547(b) of the Bankruptcy Code.

4. Within the ninety days preceding the Petition Date, Grommon obtained a judgment against the Debtor in the amount of $1,000,000.00. On November 3, 2011, a transcript

of the judgment was recorded in the County of Larimer, State of Colorado at Reception No. 20110067487 (the "Judgment Lien").

5. The Debtor and Grommon have reached an agreement to settle fully and finally all of the matters related to the Adversary Proceeding. In exchange for the Debtor's dismissal of the Adversary Proceeding, Grommon will release the Judgment Lien. A true and correct copy of the executed Release of Judgment Lien (the "Settlement") is attached to this Motion as **Exhibit A**.

6. Through this Motion, the Trustee requests approval of the Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARGUMENT AND AUTHORITY

7. "To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). In assessing a request to approve a compromise under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, "a court's general charge is 'to determine whether the settlement is fair and equitable and in the best interests of the estate.'" *Official Committee of Unsecured Creditors v. Western Pacific Airlines, Inc. (In re Western Pacific Airlines, Inc.)*, 219 B.R. 575, 579 (D. Colo. 1998) (quoting *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989)).

8. Although the Court has discretion to approve a settlement under Rule 9019, *Kaiser Steel*, 105 B.R. at 978, its decision "must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

9. Courts have focused on four primary factors in considering approval of bankruptcy settlements: "the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views." *Kaiser Steel*, 105 B.R. at 977; *see Korngold v. Loyd (In re Southern Medical Arts Companies, Inc.)*, 343 B.R. 250, 256 (B.A.P. 10th Cir. 2006) (same); *Martin*, 91 F.3d at 393 (same). In addition to considering those factors, the Court "must carefully weigh the value of the settled claim against the value to the estate by the settlement." *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

10. "[S]ome deference to the business judgment" of the trustee also is appropriate where a proposed settlement otherwise is fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006).

11. In this case, the Debtor believes that the Settlement is in the best interest of the estate because it avoids the cost and delay of litigation and advances administration of the estate. Grommon's release of the Judgment Lien eliminates further fees and costs associated with prosecuting the avoidance claim in the Adversary Proceeding. The Settlement also helps define potential distribution in light of the Debtor's liquidation plan of reorganization. The Settlement is reasonable and in the best interest of the estate for purposes of approval under Fed. R. Bankr. P. 9019.

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion, approving the Settlement and for such other relief as deemed appropriate.

Dated this 27th day of September, 2012.

**LINDQUIST & VENNUM P.L.L.P.**

By: /s/ Ethan J. Birnberg

John C. Smiley, Esq., #16210
Ethan J. Birnberg, Esq., #43343
600 17th Street, Suite 1800 South
Denver, CO 80202
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-Mail: jsmiley@lindquist.com
E-Mail: ebirnberg@lindquist.com

Counsel for Debtor Loveland Essential Group, LLC

# EXHIBIT A

## RELEASE OF JUDGMENT LIEN

NOTICE IS HEREBY GIVEN, that pursuant to a State Court Judgment entered in Larimer District Court (Combined Courts), State of Colorado, Case No. 11cv-000543, captioned Grommon Farms, Inc., Gary Grommon, and Connie Grommon (collectively "Grommon") v. Loveland Essential Group, LLC, Grommon obtained a judgment against Loveland Essential Group, LLC in the amount of $1,000,000.00. On November 3, 2011, a transcript of the judgment was recorded in the County of Larimer, State of Colorado at Reception No. 20110067487 (the "Judgment Lien").

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Grommon hereby releases the Judgment Lien; and the County Clerk and Recorder is hereby authorized and directed to cancel and discharge the following Judgment Lien in favor of Grommon:

Reception No. 20110067487, recorded November 3, 2011.

Dated this 20th day of September, 2012.

GROMMON FARMS INC.

By: _____
Its: _____

STATE OF COLORADO )
                  ) ss.
COUNTY OF LARMIER )

Subscribed and sworn to before me this 20th day of September 2012, by GARY GROMMON on behalf of Grommon Farms, Inc.

_____
Notary Public

My commission expires: 7-14-15

My Commission Expires
July 14, 2015

DOCS-#3759174-v1

**GARY GROMMON**

*/s/ Gary Grommon*

STATE OF COLORADO   )
                    ) ss.
COUNTY OF LARIMER   )

Subscribed and sworn to before me this 20TH day of September 2012.

*/s/ Deborah A. Bishop*
Notary Public

My commission expires: 7-14-15

[Notary Seal: Deborah A. Bishop, Notary Public, State of Colorado — My Commission Expires July 14, 2015]

**CONNIE GROMMON**

*/s/ Connie Grommon*

STATE OF COLORADO   )
                    ) ss.
COUNTY OF LARIMER   )

Subscribed and sworn to before me this 20TH day of September 2012.

*/s/ Deborah A. Bishop*
Notary Public

My commission expires: 7-14-15

[Notary Seal: Deborah A. Bishop, Notary Public, State of Colorado — My Commission Expires July 14, 2015]

DOCS-#3759174-v1                          2