**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LOVELAND ESSENTIAL GROUP, LLC, | ) | Case No. 11-38054 EEB |
| | ) | |
| EIN: 20-4451461 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

---

**DEBTOR'S MOTION FOR ENTRY OF BIDDING PROCEDURES ORDER
PURSUANT TO FED.R.BANKR.P. 6004(f)(1)**

---

Debtor-in-Possession, Loveland Essential Group, LLC ("Debtor"), through its counsel, respectfully requests that this Court enter a Bidding Procedures Order with respect to Debtor's contemplated sale of its real property. In support of this Motion, Debtor states:

1. On December 1, 2011, (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of title 11, U.S.C. (the "Bankruptcy Code") commencing the above-captioned bankruptcy case (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court").

2. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No official creditors' committee, trustee, or examiner has been appointed in this case.

3. Debtor has a filed a Amended Plan of Reorganization Dated July 28, 2012 (the "Plan of Liquidation"). Dkt. # 135. A key component of Debtor's contemplated reorganization plan will be the sale of its real estate, located at 4421 East Highway 24, Loveland, Colorado (the "Property"), free and clear of liens and encumbrances pursuant to Section 363(f) of the Bankruptcy Code.

4. **Exhibit A** to this Motion sets forth a complete set of bidding and auction

procedures to facilitate the proposed sale (the "Bidding Procedures"). These procedures assure that any prospective bidder satisfies the Debtor that it has financial capability to complete the transaction (without a financing contingency), submits a bid acceptable to the Debtor, and has completed or plans to timely complete due diligence.

5. Debtors intend to complete the sale in three stages:

(a) In the first stage, reflected in this Motion, Debtors seek authorization of proposed Bidding Procedures to assure that the estates obtain maximum value for their assets.

(b) The second stage includes identification and approval of a stalking horse bidder (the "Stalking Horse"), which will facilitate the best strategy for maximizing the value of the Debtor's assets for the benefit of the various stakeholders.

(c) The third stage commences upon completion of the auction pursuant to the Bidding Procedures, at which the final purchaser will be identified.

(d) The fourth stage is the actual sale with Court approval, pursuant to applicable Bankruptcy Code provisions.

6. The Debtor has requested approval to employ Sperry Van Ness Auction Services as marketing agent/broker through a separate motion. *See* Dkt. # 139. Debtor intends and reserves the right to seek approval of a sale agreement and break-up fee with a Stalking Horse. Debtor is having discussion with two parties regarding a Stalking Horse.

7. The Bidding Procedures contemplate solicitation of prospective bidders, qualification of bidders, definition of qualifying bids, a subsequent auction procedure, selection of the winning bid, and court approval of the sale to the winning bidder. The sale is conducted through the confirmation of the Debtor's Plan of Liquidation and pursuant to 11 U.S.C. § 363(f).

Any persons claiming specific interests in the Property, whose interests may impaired, may object to confirmation of the Plan of Liquidation. Here, the Debtor simply seeks approval of Bidding Procedures to facilitate the sale.

8. Key events and dates under the Bidding Procedures are as follows:

| Event | Date/$ |
|---|---|
| Bid Deadline[1] | TBD |
| Auction Date | TBD |
| Initial Deposit Amount | $200,000 |
| Minimum Purchase Price | $3,500,000 |
| Overbid Requirement | $50,000 |
| Requested Sale Hearing Date[2] | TBD |
| Anticipated Closing Date | TBD |

**THE PROPOSED BID PROCEDURES ARE AN APPROPRIATE PROCESS TO OBTAIN THE HIGHEST OR BEST BID**

9. In the exercise of its business judgment, the Debtor believes that the proposed auction, which contemplates a stalking horse bidder, is the best strategy for maximizing the value of the Debtor's assets for the benefit of the various stakeholders. *See In re Psychometric Sys., Inc.*, 367 B.R. 670, 675 (Bankr. D. Colo. 2007) (debtor's business judgment in a section 363 sale to be given "great deference"). The proposed bid procedures are reasonable given the value of the Property and the Debtor's finances and operations. The bid procedures provide the Stalking

[1] The bid deadline, auction date, and other relevant dates will be determined during or after the hearing on the adequacy of the Debtor's Disclosure Statement or after approval of a stalking horse agreement. The Debtor will file amended bidding procedures will specific dates, once set.

[2] The sale is to be consummated through the Plan of Liquidation, so this will likely be the confirmation hearing date.

Horse with assurance that its bid will either be successful, or that it will be fairly compensated if another buyer is the winning bidder.

10. Break-up fees and expense reimbursements in bankruptcy sales are permissible so long as there has been no self-dealing or manipulation, the fee encourages rather than discourages bidding, and the fee is reasonable in relation to the proposed purchase price. *In re Twenver, Inc.*, 149 B.R. 954, 956 (Bankr. D. Colo. 1992). The proposed break-up fee for the Stalking Horse is 3% of its bid. Ex. A, p. 4. The Debtor believes that this is a fair arrangement and reasonably related to the risk and the magnitude of the proposed sale. *See The Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.*, 147 B.R. 650, 662 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993).

11. The Debtor believes that the proposed minimum purchase price of $3,500,000.00 and $50,000.00 for overbids (Ex. A, p. 4) ensure both that other prospective buyers are not dissuaded from bidding and that the Stalking Horse has sufficient protection and incentive to have made its initial bid and, if it so desires, to overbid.

12. Clear and specific bidding procedures as outlined in Exhibit A are necessary to set forth the ground rules of the sales process and avoid a chaotic situation which could impede an actual sale. These procedures will avoid the waste of time, effort, and funds that might result in having unqualified bidders participate in the process. Moreover, bidding procedures are necessary to bind any prospective purchaser that might otherwise be content to "wait in the wings" to see if other offers should materialize.

13. The Bidding Procedures include requirements for financial qualification and for a bidding deposit, which assures that the bids will not be distorted by a bidder who cannot complete the transaction. The requirement that a bid not be dependent on obtaining committed third party financing is essential to avoid prolonging the process and to assure that due diligence

is timely performed. This should minimize the possibility that the successful bidder will not perform, that a new sales process will be necessary, or that the ultimate sales price will be substantially diminished.

14. At this time the Debtor is negotiating a written contract with a potential Stalking Horse. Any party interested in bidding as the Stalking Horse should contact Debtor's counsel immediately. If the Debtor cannot identify an acceptable Stalking Horse it will file amended bidding procedures, which will require the Property to be sold at auction.

For the reasons stated herein, the Debtor respectfully requests that the Court approve its business judgment that the best interests of its estate and creditors is to adopt and implement the Bidding Procedures, and enter an Order approving the Bidding Procedures described in Exhibit A.

Dated this 26th day of October, 2012.

**LINDQUIST & VENNUM P.L.L.P.**

By: /s/ Ethan J. Birnberg
John C. Smiley, #16210
Ethan J. Birnberg, #43343
600 Seventeenth Street, Suite 1800-S
Denver, Colorado 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
E-mail: jsmiley@lindquist.com
E-mail: ebirnberg@lindquist.com

Counsel for Loveland Essential Group, LLC

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 26th day of October, 2012, I served by U.S. Mail, prepaid, first class, a copy of the foregoing **DEBTOR'S MOTION FOR ENTRY OF BIDDING PROCEDURES ORDER PURSUANT TO FED.R.BANKR.P. 6004(f)(1)** on the parties on the attached list.

/s/ Brandon Blessing

Label Matrix for local noticing
1082-1
Case 11-38054-EEB
District of Colorado
Denver
Fri Oct 26 14:22:15 MDT 2012

Loveland Essential Group, LLC
4913 Trillium Ln.
Edina, MN 55435-4017

US Bankruptcy Court
US Custom House
721 19th St.
Denver, CO 80202-2508

Accelerated Payment Tech.
2436 West 700 S
Pleasant Grove, UT 84062-3740

Brian Hedberg
4421 E Hwy 34
Loveland, CO 80537-8950

City of Loveland
500 E. Third Street
Loveland, CO 80537-5700

Cline Williams Wright Johnson Oldfather
233 S. 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508

Coffman Reporting
1440 Blake Street, Suite 320
Denver, CO 80202-1489

Colorado Department Of Revenue
1375 Sherman St.
Room 504
Attention Bankruptcy Unit
Denver CO 80261-0001

Colorado Department of Revenue
State of Colorado
Denver, CO 80261-0009

Comcast
P.O. Box 34744
Seattle, WA 98124-1744

Connie Grommon
c/o Erik G. Fischer
Erik G. Fischer, P.C.
P. O. Box 506
Fort Collins, CO 80522-0506

Deep Rock Water
Dept 2146
Denver, CO 80271-2146

Essential Group Management, LLC
4913 Trillium Lane
Minneapolis, MN 55435-4017

Essential Group, LLC
4913 Trillium Lane
Minneapolis, MN 55435-4017

Ferrellgas
P.O. Box 173940
Denver, CO 80217-3940

Ferrellgas, Inc.
One Liberty Plaza, MD#40
Liberty, MO 64068-2971

Gary and Connie Grommon
c/o Erik G. Fischer PC
125 S. Howes-Suite 900
Fort Collins, CO 80521-2747

Grommon Farms, Inc.
22868 WCR #5
Berthoud, CO 80513

Grommon Farms, Inc.
c/o Erik G. Fischer PC
125 S. Howes-Suite 900
Fort Collins, CO 80521-2747

HSB Merchant Services
935 N. Cleveland Ave.
Loveland, CO 80537-4718

Home State Bank
c/o Neal K. Dunning
2000 S. Colorado Blvd., 2-700
Denver, CO 80222-7930

IRS
PO Box 7346
Philadelphia PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Larimer County Treasurer
P.O. Box 1190
Fort Collins, CO 80522-1190

Little Thompson Water
835 E. State Hwy 56
Berthoud, CO 80513-9237

M.R. Bailey, Jr.
91 Alder Lane
Green Forest, AR 72638-3559

Mike Adrzejek
4421 E Hwy 34
Loveland, CO 80537-8950

National Registered Agents
P.O. Box 927
West Windsor, NJ 08550-0927

Office Max, Inc.
P.O. Box 101705
Atlanta, GA 30392-1705

Pinnacol Assurance W/C
Dept. 500
Denver, CO 80281-0500

Pool Tyme, LLC and Martin Jara
c/o Cline Williams Law Firm
330 S. College Ave., Suite 300
Fort Collins, CO 80524-7162

Randy Jackson Revocable Trust
3912 Bidens Gate Drive
Timnath, CO 80547-2238

Roberto Huerta
4421 E Highway 34
Loveland, CO 80537-8950

Sam's Club
P.O. Box 530981
Atlanta, GA 30353-0981

Securities and Exchange Commission
Midwest Regional Office
175 W. Jackson Blvd.
Ste. 900
Chicago IL 60604-2815

Security & Exchange Commission
Central Regional Office
1801 California St.
Ste. 1500
Denver CO 80202-2656

State of Colorado
1375 Sherman Street
Denver, CO 80261-0001

The Dow Law Firm, LLC
323 S. College Ave., Suite 5
Fort Collins, CO 80524-2845

US Trustee
999 18th St.
Ste. 1551
Denver, CO 80202-2415

Waste Management
40950 Weld CR 25
Ault, CO 80610

Woodalls, Trailer Life
2575 Vista Del Mar Dr.
Ventura, CA 93001-3920

Xcel Energy
P.O. Box 840
Denver, CO 80201-0840

Ethan Birnberg
600 17th St., Ste. 1800
Denver, CO 80202-5402

John C. Smiley
600 17th St.
Ste. 1800-S
Denver, CO 80202-5441

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114-0326

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Grommon Farms, Inc.

(u)Home State Bank

(u)Martin Jara

(u)Pool Tyme, LLC

(u)Centerra/City of Loveland

(d)Connie Grommon
c/o Erik G. Fischer
Erik G. Fischer, P.C.
P.O. Box 506
Fort Collins, CO 80522-0506

(d)Essential Group Management, LLC
4913 Trillium lane
Minneapolis, MN 55435-4017

(u)Gary Grommon

(du)Grommon Farms, Inc.

End of Label Matrix
Mailable recipients 44
Bypassed recipients 9
Total 53