IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LOVELAND ESSENTIAL GROUP, LLC ) | Case No. 11-38054-EEB |
| EIN: 20-4451461, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

## MOTION TO PURSUE DERIVATIVE CLAIM

COME NOW Creditors, Grommon Farms, Inc., Gary Grommon, and Connie Grommon (collectively, "Grommon"), by and through its counsel, Erik G. Fischer, P.C., and hereby move this Court to grant Grommon permission to pursue a derivative claim on behalf of Debtor Loveland Essential Group, LLC, ("LEG") against Randy Jackson, Brian Hedberg, and Mike Andrzejek ("Defendants"). In support of this Motion, Grommon states as follows:

Undersigned counsel has conferred with counsel for Debtor regarding the relief requested herein. Debtor's counsel stated that Debtor objects to the relief requested herein.

### INTRODUCTION

Grommon filed its Verified Complaint for Damages on behalf of LEG on October 23, 2012, and its Verified Amended Complaint for Damages on October 24, 2012. In response, Defendants Randy Jackson, Brian Hedberg, and Mike Andrzejek filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (as Incorporated by Fed. R. Bankr. P. 7012). After briefing from both sides, this Court issued its Order dated March 5, 2013. In its Order, the Court directed Grommon to file a motion seeking permission to assert derivative claims against the aforementioned defendants. Grommon now submits its Motion pursuant to the Court's Order.

Grommon has made a valid and formal demand of the Debtor to pursue claims against its insiders. Grommon presented Debtor with a colorable claim against Debtor's insiders; however, Debtor refused this demand. Because Grommon's allegations have created a colorable claim, Debtor's refusal was unjustified. As a result, Grommon now seeks permission to proceed derivatively against Debtor's insiders.

## ARGUMENT

### A. Grommon Made a Formal Demand upon the Debtor

On July 20, 2012, counsel for Grommon sent a letter to Debtor's counsel, John C. Smiley. *See* Demand Letter, attached as Ex. A. In that letter, Grommon formally requested that Debtor pursue legal action against its three principal insiders for breach of fiduciary duty. Grommon explained its belief that Debtor's insiders had breached their fiduciary duty when transacting business with Rocky Mountain RV, an entity controlled by the insiders. Specifically, Grommon emphasized to the Debtor that its insiders had encumbered the Debtor with substantial debt in exchange for inadequate consideration. Furthermore, Grommon noted that the insiders had obtained the overwhelming benefit of the bargain to the detriment of the Debtor. Shortly thereafter, Debtor's counsel responded, in a phone conference with undersigned counsel, that Debtor's insiders did not believe that they had breached their fiduciary duties, and thus declined to pursue the claim. *See* Affidavit of E. Fischer, ¶, attached as Ex. B.

### B. Grommon's Claims Against Debtor's Insiders are Colorable

For a claim to be colorable, it must be sufficient to survive a motion to dismiss. *PW Enters. v. N.D. Racing Comm'n (In re Racing Servs.)*, 540 F.3d 892, 900 (B.A.P. 8th Cir. 2008). Grommon has previously detailed its claims against the Defendants. *See e.g.,* Derivative Action

- Verified Amended Complaint, attached as Ex. C; *see also* Derivative Action - Plaintiff's Response to Defendants' Motion to Dismiss, attached as Ex. D.

To briefly reiterate, Grommon alleges that Defendants breached their fiduciary duties to the Debtor. Defendants, while in control of the Debtor, provided approximately $1,200,000.00 of Debtor's funds to Rocky Mountain RV, Essential Group, LLC ("RMRV"). Andrzejek Depo 43:10-15, attached as Ex. E. Defendants admit that they were the insiders of the Debtor and the sole insiders of RMRV at the time of the transaction. *Id.* at 7:5-10. In exchange for the funds, Debtor received shares of RMRV worth $450,000.00 and was repaid $750,000.00. *Id.* at 24:22-26:8; *see also* Andrzejek Deposition Exhibits 1&2, attached as Ex. F. RMRV then used those funds to purchase other properties. Ex. E at 8:7-10:1, 50:3-11, 51:6-10. Instead of receiving voting shares, Debtor received Class B stock leaving the control of RMRV in the hands of Andrzejek, Jackson, and Hedberg instead of LEG. *Id.* at 6:6-7:1, 19:15-20:6. Defendants' actions constituted a breach of their fiduciary duties.

Defendants essentially used Debtor's money to purchase a competing business and placed themselves in a preferential position over LEG. Managing members of a Colorado Limited Liability Company owe the entity the same fiduciary duties as directors owe a corporation. *See* C.R.S. § 7-80-404. Under corporate case law, a director breaches his or her duty of loyalty by engaging in interested transactions to the detriment of the corporation. In *Kim v. Grover C. Coors Trust*, the Colorado Court of Appeals articulated a five factor test to detrmine whether a conflicting interest transaction was fair:

> whether (1) the transaction was accompanied by a full and fair disclosure of the material facts to the shareholders; (2) the transaction was attended by fraud; (3) there was adequate consideration for the transaction; (4) the transaction benefited the corporation; and (5) directors siphoned corporate benefits.
> 179 P.3d 86, 92 (Colo. App. 2007)

3

In this case, Grommon has alleged that Defendants provided inadequate consideration to the Debtor, that the transaction did not benefit the Debtor, and that Defendants converted a corporate opportunity for their own benefit, all without knowledge to Grommon, the other shareholder of LEG. Grommon has thus made sufficient allegations and provided competent evidence to show that the Debtor has a colorable claim against its insiders.

### C. Debtor Unjustifiably Refused to Pursue the Claim

Debtor's refusal to pursue the claims against its insiders was unjustified. In determining whether a trustee or debtor-in-possession's refusal to act was unjustified, the Bankruptcy Court should perform a cost-benefit analysis. *PW Enters. v. N.D. Racing Comm'n (In re Racing Servs.)*, 540 F.3d 892, 901 (B.A.P. 8th Cir. 2008); *see also Canadian Pac. Forest Prods. v. J.D. Irving, Ltd. (In re Gibson Group)*, 66 F.3d 1436, 1445 (6th Cir. 1995)("the unjustified refusal calculus will generally amount to little more than a cost-benefit analysis.")(citing *Louisiana World Exposition and Fed. Ins. Co.*, 858 F.2d 233 (5th Cir. 1988)).

"While by no means exhaustive, among the factors the court should consider in conducting this analysis are: (1) '[the] probabilities of legal success and financial recovery in event of success'; (2) the creditor's proposed fee arrangement; and (3) 'the anticipated delay and expense to the bankruptcy estate that the initiation and continuation of litigation will likely produce.'" *In re Racing Servs.*, 540 F.3d at 901 (citing *In re STN Enterprises*, 779 F.2d 901, 905-906 (2d Cir. Vt. 1985)). Consequently, "a creditor need not plead facts alleging the debtor-in-possession's reason or motive for the inaction, but may meet its burden to allege unjustified inaction through notice pleading by alleging the existence of an unpursued colorable claim that would benefit the estate." *In re Gibson Group*, 66 F.3d at 1439-40. Lastly, the creditor seeking

4

permission has the burden of providing competent evidence in support of its position. *In re Racing Servs.*, 540 F.3d at 900, n.8.

Under the first prong, Grommon has demonstrated that its claim is colorable and likely to succeed if the allegations are true. In particular, Grommon has presented a prima facie case for breach of fiduciary duty. Furthermore, Grommon will undertake the litigation without a fee. Lastly, the benefits to Debtor's unsecured creditors far outweigh the insubstantial delay to the resolution of the bankruptcy estate. Thus, the Debtor, as the de facto trustee, has been presented with a valid legal claim that will enhance the value of the estate, but declined to pursue the action. And, although Grommon is not required to show why Debtor refused to act, in this case the reason may be easily inferred. Defendants, as the sole insiders of the Debtor, understandably have declined to pursue "self-immolation." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 573 (3d Cir. N.J. 2003). However, this refusal is not justified under Debtor's fiduciary duties to the creditors of the estate.

WHEREFORE, Creditors, Grommon Farms, Inc., Gary Grommon, and Connie Grommon, respectfully request this Court grant them permission to pursue a derivative action on behalf of Debtor Loveland Essential Group, LLC.

Dated this 15th day of March, 2013.

Respectfully submitted,

**ERIK G. FISCHER, P.C.**

/s/ Erik G. Fischer
Erik G. Fischer, #16856
Gordon M. Hadfield, #42759
*Original signature on file at the office of Erik G. Fischer, P.C., pursuant to C.R.C.P. § 121-1-26(9); Filed and served electronically via Lexis Nexis File & Serve.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2013, a true and correct copy of the foregoing **MOTION TO PURSUE DERIVATIVE CLAIM** was served e-filed and e-served upon the following:

John C. Smiley and Ethan Birnberg
Lindquist & Vennum, P.L.L.P.
600 17th Street - Suite 1800 South
Denver, CO 80202-5441
jsmiley@lindquist.com
ebirnberg@lindquist.com
*Attorneys for Debtor*

Alison Goldenberg
999 18th St.
Suite 1551
Denver, CO 80202
Alison.goldenberg@usdoj.gov
*Attorney for U.S. Trustee*

/s/ *Alexandra L. Braeger*
For Erik G. Fischer, P.C.
*Original signature on file at the office of Erik G. Fischer, P.C., pursuant to C.R.C.P. § 121-1-26(9); Filed and served electronically via Lexis Nexis File & Serve.*